PERKINS COIE LLP
Paul S. Jasper, Bar No. 200138
Amir Gamliel, Bar No. 268121
Angie Young Kim, Bar No. 270503
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Email: PJasper@perkinscoie.com
Email: AGamliel@perkinscoie.com
Email: AngieKim@perkinscoie.com

Andrew H. Sherman (admitted pro hac vice)
Boris I. Mankovestskiy (admitted pro hac vice)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973.643.7000
Email: ASherman@sillscummis.com
Email: BMankovetskiy@sillscummis.com

*Co-Counsel to the WHC Liquidation Trust*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JEREMY ROSENTHAL, AS LIQUIDATION TRUSTEE OF THE WHC LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>HALSEN HOLDINGS, LLC, a California limited liability company; SOUTH TEXAS ASSOCIATES & RESOURCES, a California corporation; PENINSULA HEALTHCARE MANAGEMENT LLC, a Nevada limited liability company; DANIEL BROTHMAN, an individual; EDITH BROTHMAN, an individual; STACY SEAN FOWLER, an individual; EDMUND C. KING, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:23-cv-06216-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Complaint Filed: December 1, 2023<br>Trial Date: None<br>Judge: Hon. P. Casey Pitts<br><br>Case Management Conference:<br><br>Hearing Date: May 16, 2024<br>Hearing Time: 1:00 p.m. (Pacific Time)<br>Place:   Robert F. Peckham Federal Building<br>    & United States Courthouse<br>    280 South 1st Street,<br>    Courtroom 8, Fourth Floor<br>    San Jose, CA 95113 |

The parties to the above-entitled action ("Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.  JURISDICTION & SERVICE**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This civil action relates to the ongoing Chapter 11 bankruptcy case filed in the Bankruptcy Court for the Northern District of California. This Court, therefore, has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and 28 U.S.C. § 1331. There are no known issues regarding personal jurisdiction or venue. No known parties remain to be served.

**II.  FACTS**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff broadly alleges that Defendants Daniel Brothman, Stacy Sean Fowler, and Edmund C. King (collectively, the "Halsen Executives"), while serving as officers of the Watsonville Hospital Corporation, mismanaged the Watsonville Community Hospital (the "Hospital") and engaged in various acts of wrongdoing including, but not limited to, breaches of fiduciary duties of care and loyalty. Certain Defendants are also the recipients of allegedly recoverable fraudulent and preferential transfers. Plaintiff alleges that this conduct resulted in millions of dollars of damages to the Hospital and creditors of the Hospital, ultimately leading to a financially-distress spiral towards the Hospital's Chapter 11 bankruptcy filing on December 5, 2021.

Defendants dispute the allegations that certain Defendants engaged in self-dealing, that the actions of these Defendants were improper, that Defendants' actions were a substantial cause of the Hospital's bankruptcy filing, and that the Defendants' actions were not taken with the intent to benefit the Hospital. Defendants also deny that they received recoverable fraudulent or preferential transfers.

## III.  LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff filed its Complaint against Defendants, raising 12 causes of action: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) avoidance of constructively fraudulent transfers under 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I), (II), and/or (III); (4) avoidance of Employment Transfers (as defined by the Complaint) under 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV); (5) avoidance of fraudulent transfers made with actual fraudulent intent pursuant to 11 U.S.C. § 548(a)(1)(A); (6) recovery of fraudulent transfers made with fraudulent intent pursuant to 11 U.S.C. § 544 and applicable state law, including 6 Del. Code § 1304 and California Civil Code § 3439.04; (7) recovery of constructively fraudulent transfers pursuant to 11 U.S.C. § 544 and applicable state law, including 6 Del. Code § 1304 and 1305 and California Civil Code § 3439.04 and 3439.05; (8) recovery of avoidable preferential transfers pursuant to 11 U.S.C. § 547; (9) recovery of avoidable transfers pursuant to 11 U.S.C. § 550; (10) disallowance of all claims under 11 U.S.C. § 502(d); (11) disallowance of all claims of Defendant-executives under 11 U.S.C. § 502(b); and (12) equitable subordination of the Defendant-executive claims under 11 U.S.C. § 510(c).

The Parties dispute whether the actions of Defendants constitute abuses of fiduciary duties, fraudulent transfers, or preferential transfers. The Parties also dispute whether the Defendants' actions were protected by the business judgment rule or other applicable rule of law.

## IV.  MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

At this time, there are no motions pending and the Parties do not anticipate filing any motions prior to mediation, subject to unanticipated findings through each party's investigation of the claims.

## V.  AMENDMENT OF PLEADINGS

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time, the Parties do not anticipate the need to amend pleadings to add parties, claims, or defenses.

## VI. EVIDENCE PRESERVATION

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties spoke briefly by telephone on April 12, 2024, regarding the preparation of this Joint Case Management Statement and on April 15, 2024, the Parties met and conferred via videoconference to discuss the Joint Case Management Statement at length, including the ESI Guidelines. The Parties have reviewed the ESI Guidelines and met and conferred on April 15, 2024, regarding reasonable and proportionate steps to preserve relevant evidence. Counsel to the parties represent that their clients have been instructed to preserve relevant communications and documents connected to this litigation. The Parties have discussed a stipulated e-discovery order and do not view it as necessary at this time.

## VII. DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The Parties shall submit their Initial Disclosures on or before May 3, 2024. The Parties have agreed not to exchange substantive documents at this time. If, as of May 17, 2024, the Parties have identified a mediator and scheduled a mediation of this matter (to be held no later than August 31, 2024), the Parties shall meet and confer on targeted informal discovery aimed at facilitating a successful mediation. If, as of May 17, 2024, no such mediation has been scheduled, the Parties shall exchange substantive documents relevant to initial disclosures on or before May 31, 2024 and may proceed with formal discovery. If, at any point, a party has concluded in good faith that a mediation will not occur before August 31, 2024, or if a mediation of this case has

occurred, but has not resulted in a settlement, such party may give written notice thereof to the other parties, and the parties shall exchange substantive documents relevant to initial disclosures within 14 days after such written notice is provided, and may proceed with formal discovery.

**VIII.   DISCOVERY**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No formal discovery requests have been served to date. The Parties have agreed to a temporary stay of formal discovery, aside from serving initial disclosures and voluntary production of relevant documents, as further described in the paragraph 12 below (Settlement and ADR) in an effort to facilitate a mediation of this case. The Parties have discussed a stipulated e-discovery order and do not view it as necessary at this time.

**IX.   CLASS ACTIONS**

*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

**X.   RELATED CASES**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

On December 5, 2021, Watsonville Hospital Corporation, Watsonville Healthcare Management, LLC, Watsonville Hospital Holdings, Inc., and Halsen Healthcare, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' bankruptcy cases are jointly administered under *Watsonville Hospital Corporation*, Case No. 21-51477 (the "Bankruptcy Case") and are pending before the Honorable Judge M. Elaine Hammond in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

## XI. RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

The Complaint seeks the following relief: judgment in favor of Plaintiff avoiding and recovering the transfers, finding breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty, and declaring the Defendant-entities are alter egos of the Defendant-executives and piercing their respective corporate veils; monetary damages in an amount to be determined at trial; avoidance of alleged improper transfers; attorneys' fees and costs; pre- and post-judgment interest; disallowance of Defendants' bankruptcy claims; permission to amend Defendant-debtors' pleadings in the underlying bankruptcy cases to conform to the evidence at trial, and any further equitable relief deemed proper. The Answer to the Complaint seeks the following relief: judgment in favor of Defendants; attorneys' fees and costs; and any further equitable relief deemed proper.

## XII. SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties have agreed to voluntary mediation. The Parties have not yet engaged in ADR efforts at this point, but hope to have selected a mediator prior to the case management conference, and to schedule a mediation to occur by no later than August 31, 2024. Aside from serving initial disclosures, the Parties have agreed to delay the commencement of formal discovery through the May 16, 2024 case management conference to allow the parties to focus on selecting a mediator and mediation date, and engaging in informal discovery, in the interim. There is an applicable Directors and Officers ("D&O") insurance policy and the Parties have

agreed that this D&O insurer, as well as any other applicable insurers, must attend the mediation.

If, prior to the case management conference, the Parties (and applicable insurers) are able to schedule a mediation to occur on or before August 31, 2024, the Parties will meet and confer on targeted discovery aimed at facilitating a successful mediation. If, as of the case management conference, no mediation has been scheduled, the Parties shall have no further restrictions on engaging in formal discovery and shall meet and confer on a revised scheduling order regarding formal discovery deadlines.

### XIII. OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to voluntary mediation.

### XIV. NARROWING OF ISSUES

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

The Parties will likely be able to agree which alleged transactions involving Defendants are at issue, while disagreeing whether these transactions were improper, fraudulent, or constituted a violation of any fiduciary duty.

### XV. SCHEDULING

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties have agreed to voluntary mediation. The Parties aim to have selected (by no later than the May 16, 2024 (the date of the case management conference)) a mediator and to have scheduled mediation to occur by August 31, 2024. As described in section XII above, the Parties have agreed to a temporary stay of formal discovery to allow the Parties to focus on

mediation. In the event mediation is not timely scheduled, or is unsuccessful, the Parties shall seek a Court Order setting deadlines for discovery, designation of experts, hearing of dispositive motions, pretrial conference, and trial.

## XVI. TRIAL

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case will be tried by a jury. A jury trial is expected to last 15 trial days.

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The Parties do not elect an Expedited Trial Procedure.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff filed his Certificate of Interested Entities stating as follows: "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report" (Dkt. 3). Defendants filed their Certification of Interested Entities or Persons, stating as follows: Pursuant to Civil L.R. 3-15, the undersigned certifies that, as of this date, there is no conflict or interest (other than the named parties) to report" (Dkt. 20).

## XVIII. PROFESSIONAL CONDUCT

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties have no other matters to specify at this time.

Dated: April 26, 2024

**PERKINS COIE LLP**

By: */s/ Paul S. Jasper*
Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:   415.344.7000

*Counsel to Plaintiff
Jeremy Rosenthal, as Liquidation
Trustee of the WHC Liquidation Trust*

Dated: April 26, 2024

**KAUFMAN DOLOWICH, LLP**

By: */s/ Tad A. Devlin*
Tad A. Devlin, Bar No. 190355
tdevlin@kaufmandolowich.com
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone:   415.926.7600

*Counsel to Defendants
Halsen Holdings, LLC, South Texas
Associates & Resources, Peninsula
Healthcare Management, LLC, Daniel
Brothman, Edith Brothman, Stacy Sean
Fowler, and Edmund C. King*

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

I, Paul S. Jasper, attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: April 26, 2024                                        */s/ Paul S. Jasper*
                                                            Paul S. Jasper, Bar No. 200138

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____, 2024        _____
                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE