1  PERKINS COIE LLP
   Paul S. Jasper, Bar No. 200138
2  Amir Gamliel, Bar No. 268121
   Angie Young Kim, Bar No. 270503
3  505 Howard Street, Suite 1000
   San Francisco, CA 94105
4  Telephone: 415.344.7000
   Email: PJasper@perkinscoie.com
5  Email: AGamliel@perkinscoie.com
   Email: AngieKim@perkinscoie.com
6
   Andrew H. Sherman (admitted pro hac vice)
7  Boris I. Mankovestskiy (admitted pro hac vice)
   SILLS CUMMIS & GROSS P.C.
8  One Riverfront Plaza
   Newark, New Jersey 07102
9  Telephone: 973.643.7000
   Email: ASherman@sillscummis.com
10 Email: BMankovetskiy@sillscummis.com

11 *Co-Counsel to the WHC Liquidation Trust*

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                   **SAN JOSE DIVISION**

15 JEREMY ROSENTHAL, as Liquidation       Case No. 5:23-cv-06216-PCP
   Trustee of the WHC LIQUIDATION TRUST,
16                                          **RULE 26(f) REPORT AND
                    Plaintiff,              DISCOVERY PLAN**
17
18 v.                                       Complaint Filed: December 1, 2023
                                            Trial Date: None
19                                          Judge:  Hon. P. Casey Pitts
   HALSEN HOLDINGS, LLC, a California
20 limited liability company; SOUTH TEXAS   Case Management Conference:
   ASSOCIATES & RESOURCES, a California
21 corporation; PENINSULA HEALTHCARE        Hearing Date:  May 16, 2024
   MANAGEMENT LLC, a Nevada limited         Hearing Time:1:00 p.m. (Pacific Time)
22 liability company; DANIEL BROTHMAN, an   Place:     Robert F. Peckham Federal
   individual; EDITH BROTHMAN, an individual;           Building & United States
23 STACY SEAN FOWLER, an individual;                    Courthouse
   EDMUND C. KING, an individual; and DOES              280 South 1st Street,
24 1 through 100, inclusive,                            Courtroom 8, Fourth Floor
                                                        San Jose, CA 95113
25                  Defendants.
26
27
28

Pursuant to Fed. R. Civ. P. 26(f), counsel to the parties in the above captioned case ("Parties"), Plaintiff Jeremy Rosenthal ("Plaintiff") and Defendants Halsen Holdings, LLC, South Texas Associates & Resources, Peninsula Healthcare Management LLC, Daniel Brothman, Edith Brothman, Stacy Sean Fowler, and Edmund C. King ("Defendants"), met and conferred on April 12, 2024 and April 15, 2024, regarding the nature and basis for the claims and defenses alleged in this case, as well as the topics outlined in this report and discovery plan:

1.     **Initial Disclosures**: The Parties shall exchange their Initial Disclosures on or before May 3, 2024. The Parties have agreed not to exchange substantive documents at this time.

2.     **Subjects of Discovery**: The Parties anticipate engaging in discovery on the issues set forth in the complaint filed by Plaintiff (Dkt. No. 1).

3.     **Discovery**: No formal discovery requests have been served to date.  The Parties have agreed to a temporary stay of formal discovery, aside from serving initial disclosures and voluntary production of relevant documents, in an effort to facilitate a mediation of this case. The Parties hope to have selected a mediator prior to the upcoming May 16, 2024 case management conference and schedule mediation to occur by no later than August 31, 2024. Aside from serving initial disclosures, the Parties have agreed to delay the commencement of formal discovery through the May 16, 2024 case management conference to allow the Parties to focus on selecting a mediator and mediation date, and engaging in informal discovery, in the interim. If, prior to the case management conference, the Parties are able to schedule a mediation to occur on or before August 31, 2024, the Parties will meet and confer on targeted informal discovery aimed at facilitating a successful mediation.

If, as of the case management conference, no mediation has been scheduled, the Parties shall have no further restrictions on engaging in formal discovery and shall meet and confer on a revised scheduling order regarding formal discovery deadlines. If, as of May 17, 2024, no such mediation has been scheduled, the Parties shall exchange substantive documents relevant to initial disclosures on or before May 31, 2024 and may proceed with formal discovery. If, at any point, a party has concluded in good faith that a mediation will not occur before August 31, 2024, or if a mediation of this case has occurred, but has not resulted in a settlement, such party may give written

1   notice thereof to the other parties, and the Parties shall exchange substantive documents relevant to

2   initial disclosures within 14 days after such written notice is provided, and may proceed with formal

3   discovery. The Parties have discussed a stipulated e-discovery order and do not view it as necessary

4   at this time.

5        4.      **Electronically Store Information ("ESI"):** The Parties have reviewed the ESI

6   Guidelines and met and conferred on April 15, 2024, regarding reasonable and proportionate steps

7   to preserve relevant evidence. Counsel to the Parties represent that their clients have been instructed

8   to preserve relevant communications and documents connected to this litigation. As noted above,

9   the Parties do not view a stipulated e-discovery order as necessary at this time.

10        5.      **Privilege:** The Parties acknowledge that they must disclose on a privilege log any

11   information they withhold from production based on privilege or work product protection.

12        6.      **Pre-Trial Motions**: At this time, there are no motions pending and the Parties do

13   not anticipate filing any motions prior to mediation, subject to unanticipated findings through each

14   party's investigation of the claims.

15        7.      **Modification**: This agreement may be modified by an agreement signed by the

16   Parties or by the Court for good cause shown.

17        8.      **Trial Date**:  In light of the Parties' agreement to mediate this case prior to engaging

18   in formal discovery, the Parties are not requesting that a trial date, or related discovery deadlines

19   be set at this time.  However, the Parties request that the Court set a continued case management

20   conference in approximately 30 days, at a date and time convenient to the Court, so that the Parties

21   can report on progress towards mediation or, if a mediation date has not been set, request that the

22   Court set deadlines for discovery, designation of experts, hearing of dispositive motions, pretrial

23   conference, and trial.

24

25

26

27

28

DATED:  April 26, 2024

**PERKINS COIE LLP**

By:  ___*/s/ Paul S. Jasper*___
      Paul S. Jasper, Bar No. 200138
      PJasper@perkinscoie.com
      505 Howard Street, Suite 1000
      San Francisco, CA 94105
      Telephone:       415.344.7000

*Counsel to Plaintiff*
*Jeremy Rosenthal, as Liquidation*
*Trustee of the WHC Liquidation Trust*


DATED:  April 26, 2024

**KAUFMAN DOLOWICH, LLP**

By:  ___*/s/ Tad A. Devlin*___
      Tad A. Devlin, Bar No. 190355
      tdevlin@kaufmandolowich.com
      425 California Street, Suite 2100
      San Francisco, CA 94104
      Telephone:       415.926.7600

*Counsel to Defendants*
*Halsen Holdings, LLC, South Texas*
*Associates & Resources, Peninsula Healthcare*
*Management, LLC, Daniel Brothman, Edith*
*Brothman, Stacy Sean Fowler, and Edmund C.*
*King*


### Attestation Pursuant to Civil Local Rule 5-1(i)(3)

I, Paul S. Jasper, attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: April 26, 2024

___*/s/ Paul S. Jasper*___
Paul S. Jasper, Bar No. 200138